# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MARTIN S. MYERS,

    Plaintiff,

v.

NANCY BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

NO. C15-5687RSL

ORDER AWARDING ATTORNEY'S FEES

This matter comes before the Court on "Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)." Dkt. # 23. Defendant agrees that the Court should award fees, but requests that plaintiff's attorney be awarded a lesser amount than requested. Having reviewed the memoranda, declaration, and exhibits submitted by the parties, the Court finds as follows:

Pursuant to 42 U.S.C. § 406(b), plaintiff is entitled to an award of attorney's fees in an amount up to 25% of the claimant's past-due benefits. The regulations define "past-due benefits" as the "total amount of payments . . . . that has accumulated to [a claimant] because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made." 20 C.F.R. § 416.1503. Both parties agree that the initial amount requested in plaintiff's motion is incorrect, but they disagree regarding the date of the relevant "determination or decision." Defendant contends that the 25% calculation includes only

ORDER AWARDING ATTORNEY'S FEES - 1

those benefits that accrued prior to the agency's February 2018 finding that plaintiff met the medical requirements to receive Supplemental Security Income ("SSI") and was therefore disabled. Plaintiff contends that his right to payment did not accrue until the agency determined that he was financially eligibility to receive SSI payments, which occurred in April 2018.

In SSI-only cases under Title XVI, there is no final determination as to the allowance of benefits until the claimant's financial eligibility is established. See Brooks v. Colvin, C13-5797JRC (Dkt. # 32 at 2 and 5) (W.D. Wash. Sept. 30, 2016). Therefore, the favorable "determination or decision" triggering the accumulation of payments in this case is the financial eligibility determination that occurred April 2018. The proper "past-due benefits" award for purposes of determination of attorney's fees is the amount accumulated through March 2018:[1] $33,598.46, 25% of which is $8,399.61. After subtracting the EAJA award of $6,355.36, plaintiff is hereby awarded a net 406(b) attorney's fee of $2,044.25.

Dated this 7th day of August, 2018.

Robert S. Lasnik
United States District Judge

---

[1] Although the Commissioner's Program Operating Manual System would include in the term "past-due benefits" all "payments accumulated because of a favorable decision through the month of effectuation" (see https://secure.ssa.gov/apps10/poms.nsf/lnx/0203940007), plaintiff acknowledges that this language is inconsistent with the federal regulations and seeks a fee calculation based on benefits due "up to but not including the month the determination or decision is made" (20 C.F.R. § 416.1503).

ORDER AWARDING ATTORNEY'S FEES - 2